IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

FLOYD JUNIOR JAYCOX,
TDCJ-CID No. 1220652,

    Plaintiff,

v.      2:25-CV-134-Z-BR

BRYAN COLLEOR, *et al.*,

    Defendants.

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss this case without prejudice for failure to prosecute. ECF No. 6. Objections to the FCR have been filed. ECF No. 7.

After making an independent review of the pleadings, files, records, and objections in this case, the District Judge **OVERRULES** Plaintiff's Objections (ECF No. 7) and concludes that the FCR of the Magistrate Judge is correct. ECF No. 6. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and this case is **DISMISSED without prejudice**.

**LEGAL STANDARD**

A party may serve and file objections to a non-dispositive magistrate judge's order "within 14 days after being served with a copy." FED. R. CIV. P. 72(a). For these timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the 14-day period, the Court reviews the Magistrate

Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

**ANALYSIS**

The Magistrate's FCR states that on July 1, 2025, the Court "denied Plaintiff's application to proceed *in forma pauperis* because Plaintiff's inmate trust certificate indicated he had sufficient funds with which to pay the filing fee in this case." ECF No. 6 at 1. The Magistrate ordered Plaintiff to pay the filing fee by July 21, 2025. Plaintiff has not complied. Accordingly, the Magistrate recommended dismissal without prejudice under Federal Rule of Civil Procedure 41(b). *Id.* at 1–2.

Plaintiff has filed Objections to the Magistrate's FCR. ECF No. 7. Plaintiff's Objections are untimely, as they were not filed within the applicable fourteen-day period set by the Federal Rules of Civil Procedure. FED. R. CIV. P. 72. Accordingly, the Court reviews the Magistrate's FCR only for plain error. *Serrano*, 975 F.3d at 502. In his filing, Plaintiff states only that he intends to clarify "all of the named Defendants" and their "direct involvement in this case," and claims that the TDCJ made a "mistake in [his] inmate trust fund account." *See* ECF No. 7. Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Because Plaintiff's statements are conclusive and general, and do not indicate that the Magistrate's FCR demonstrates plain error, Plaintiff's Objections are **OVERRULED**.

CONCLUSION

For the foregoing reasons, Plaintiff's Objections (ECF No. 7) are **OVERRULED**. The Court **ADOPTS** the FCR of the Magistrate Judge (ECF No. 6) and **DISMISSES** this case without prejudice.

**SO ORDERED**.

September 3, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE